LUIS FARINACCI ET AL., Plaintiffs and Appellees, *v.* NIAGARA FIRE INSURANCE COMPANY, Defendant and Appellant.

No. 3914. Argued May 11, 1927.—Decided April 25, 1928.

*R. Pérez Marchand* for the appellant. *López de Tord & Zayas Pizarro* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is one of the seven cases assigned to Associate Justice Carlos Franco Soto for opinions at the close of the term of the court in August of 1927. Justice Franco Soto died during the vacation period and at the opening of the new term of the court in November those cases were distributed among the other four justices among whom forty-one cases had been distributed formerly, making a total of forty-eight cases heard and pending decision at the opening of the new term.

Since then the work of the court has been incessant. New hearings were held. And notwithstanding the fact that since that date opinions have been delivered in more than one hundred and thirty cases, not including a large number of *per*

*curiam* decisions, at the time of writing this opinion there are in the hands of the justices more than one hundred and forty cases pending decision.

Undoubtedly that is due, to a great extent, to our practice of setting the hearings as soon as the appeals are ready to be heard, as said in the opinion delivered by Mr. Justice Wolf in *Villar & Co.* v. *Conde, ante,* page 13, to the progressive increase not only in the number of appeals, but also in the questions raised therein, and to the fact that the court has been functioning with only four justices during the months of November and December and almost the whole of January. Moreover, it seems opportune to observe that this Supreme Court as now operating is just as it was organized by the Congress in 1900, and that increase in population and wealth and the greater intensity of life in the Island since then have been very remarkable.

Since the 30th of last January, when he was appointed, we have had the assistance of Associate Justice Texidor. New hearings will continue to be held during the months of May and June, but in July only urgent cases will be heard, and it is the hope of the court to begin the vacation in August with the least possible number of cases pending.

It is not usual to speak of these things in an opinion. We have been led to do so by the fact that we desire to say, as we do say, that our work has been facilitated greatly in this case by a memorandum written in pencil by our deceased colleague and found among the pages of the record, it having been prepared by him during the vacation and shortly before his death. After a careful consideration of all of the questions involved we find ourselves in complete agreement with his judgment and, with slight changes in the wording and some additions in the analysis of the evidence, the following is the opinion written by him.

Luis Farinacci, a merchant, entered into an insurance contract with The Niagara Insurance Company covering against fire the stock and furniture of his establishment up

to the sum of $10,000. The insurance company issued the corresponding policy containing the conditions of the insurance. The contract was for one year, expiring on November 22, 1922. On February 26, 1922, a fire occurred in the establishment of Farinacci and destroyed, as alleged, all of the merchandise and furniture, causing damages to Farinacci in the sum of $8,990.31.

Relying on these facts and on the refusal of the insurance company to pay the amount of the damages, this action was brought, the plaintiffs being Farinacci and his creditors Manuel Vidal Alvarez, F. Gavilán & Co. and G. R. Newman, to whom he had assigned the policy up to a sum sufficient to cover their respective claims amounting in all to $3,838.83.

The defendant answered in substance that the fire destroyed (*sic*) a great part of the merchandise of plaintiff Farinacci, but that the damages were so slight that almost the whole of it could be identified; that Farinacci did not comply with conditions 10, 11 and 13, and that the merchandise in the Bazar Puerto Rico on the night of the fire was not worth $8,990.31. It alleged as special defenses (1) that experts named by the parties inventoried and valued each article found in the place of the fire at its current market price, without regard to the damage caused by the fire, and the inventory gave a total of $2,001.66 which was accepted by the company and repudiated by Farinacci; and (2) that the fire was not casual, setting up claims of bad faith, and that Farinacci was guilty of negligence and caused the fire by having in his establishment inflammable materials without the consent of the defendant. This last defense was made at the trial as an amendment to the complaint (*sic*) and was objected to by the plaintiffs.

After hearing the testimony of many witnesses for both parties and some documentary evidence the trial court rendered judgment for the plaintiffs, stating the following findings of fact:

"1. That on November 12, 1921, Farinacci was the owner of the merchandise contained in the Bazar Puerto Rico of the city of Ponce.

"2. That the said merchandise and its furniture were insured by the defendant company for $10,000.

"3. That the insurance contract was to expire on November 12, 1922.

"4. That the said property was destroyed by a fire on September 26, 1922, the plaintiff having given notice of the occurrence of the fire.

"5. That on the date of the fire the stock of merchandise, including furniture, had a value of $8,990.31 and it was destroyed, the part salvaged having been sold by the defendant who, through its agent Mayoral, received the proceeds thereof.

"6. That on the date of the fire plaintiff Farinacci owed to the other plaintiffs the sum of $3,838.85 on account of goods bought for his establishment and destroyed by the fire.

"7. That plaintiff Farinacci assigned his right in the policy to his creditors up to the amount of their credits, reserving to himself any difference that might result after their payment.

"8. It is likewise found that the plaintiff furnished all the required information and data to which he was bound.

"For all of which the court reaches the conclusion that the plaintiff complied with the clauses of the insurance policy. That from the weighing of the evidence presented by both parties, considered in the light of the pleadings and of the law applicable, and taking into account the testimony of the witnesses for the plaintiffs, the court is of the opinion that the plaintiffs have proved the essential facts of their case by a preponderance of the evidence and beyond all reasonable doubt. On the other hand, the court is of the opinion that the defendant did not prove its defenses, including that of incendiarism."

This is an appeal taken by the defendant from that judgment. Its first assignment of error is that the court erred in overruling the demurrer on the ground of lack of cause of action. The bases of the demurrer was failure to allege in the complaint that the fire which destroyed the merchandise was a fortuitous event foreign to the volition of plaintiff Farinacci and that the amount claimed for the merchandise was the true value as shown by the books.

The appellant is mistaken. The claim had to adjust itself to the value of the destroyed property at the time of the fire, and this is alleged in the complaint. Nor was the plaintiff bound to allege that the fire was a fortuitous event beyond his intervention or volition. That question was raised in *Ríos* v. *Niagara Fire Insurance Company*, 33 P.R. R. 773, in which this court said in part:

"The complaint is not insufficient because it does not allege that the fire 'was not due to the fault or negligence of the plaintiff.' It is presumed that the parties acted according to law and it is for the defendant to plead in his turn that he is exempt from liability because the fire was due to the fault or negligence of the plaintiff."

The other errors assigned by the appellant refer to the weighing of the evidence by the trial judge.

It is alleged that the court erred in declaring the claim justified on the single fact shown by the evidence that the insured property had been destroyed by a fire which occurred on September 26, 1922, without concluding or recognizing in any manner that the fire happened casually.

One of the conclusions of the trial judge stated in his opinion is that the defense of incendiarism was not proved.

In connection with that defense the appellant attempted to show that one of the doors of Farinacci's store was open when the fire started. Policeman Montes who was on duty in the locality where the store of Farinacci was situated stated that he saw Farinacci leaving the store at about seven in the evening; that he inspected the doors and found them closed, but that when the fire started one of them was open. The firemen who put the fire out testified on the contrary that they had to break the lock and open a gap through the door to get the hose in and throw water.

Likewise, although some of the witnesses for the defendant testified that they saw some pails containing a small amount of kerosene or gasoline, some of them being uncertain as to whether it was the one or the other, other witnesses for the plaintiffs denied that they had seen anything of

the kind in the store. Likewise some of the witnesses for the defendant said that in the adjoining store of Barquet, which was also destroyed, there was found a tub containing gasoline.

Under the circumstances the evidence weighed by the court was contradictory and the court, which was in the best position to judge of the credibility of the witnesses, adjusted the conflict in favor of the plaintiffs, and it has not been shown in a clear and convincing manner that the court committed error.

The appellant complains that the court erred in finding that on the date of the fire the stock in the store of Farinacci, including the furniture, had a value of $8,990.31 as claimed by the plaintiffs.

In this case the policy contained no iron-safe clause. It appears that with the exception of an inventory book of 1920 the other books carried by Farinacci and kept in an iron safe were burnt. He stated that it was his custom to take them out of the safe and place them on a board jutting out from the shelves. Farinacci notified the company of the fire and submitted a sworn proof of claim. In the absence of books to prove the previous existence of the merchandise the company asked the plaintiff for copies of invoices, current accounts with his largest creditors and of his bank accounts. All of those documents were furnished to it by the insured and were introduced as evidence at the trial. The inventory made on August 31, 1922, or less than a month before the fire, showed a total of $9,090.31, and he testified fully about the value of the stock and the furniture at the time of the fire. Víctor Manuel Ramos testified also. There was also the testimony of merchants who used to visit the establishment of Farinacci and who had visited it a few days before the occurrence of the fire, and they said that on their last visit to the establishment they estimated at from $9,000 to $10,000 the value of the stock.

This evidence is not in itself sufficient to prove the fact,

but it is a circumstance which can be weighed together with the other elements of proof on which the court based its judgment.

The appellant assigns as error that the trial court disregarded and ignored the inventory of the stock found in the establishment of the plaintiffs on the day of the fire, which by special agreement of the plaintiffs and the defendant and by experts respectively appointed by them showed a value of $2,001.66 which the court should have accepted as the only amount and limit of the liability of the defendant.

In assigning and arguing that assignment the appellant begins from a false basis. It is not that the experts appointed had to inventory the stock contained in the establishment on the night of the fire. The work of the experts was limited to making an inventory and an estimate of the stock salvaged after the fire. Expert Roig who had been appointed by the insurance company said in his testimony at the trial:

"Q.—What was it you went to appraise? A.—Well, the stock left after the fire."

It was not only Roig who so testified. Let us see what was stated by Mayoral who is an agent of the defendant:

"A.—After being informed that the police had been there, of the report made by the detective department, we proceeded to set apart what could be of any use in order to appraise it. I appointed an expert to represent the company and requested Farinacci to appoint another for the purpose of estimating the value of the salvaged stock; . . .."

It is true that Mayoral stated shortly afterwards that the fire had been very slight and that almost all of the stock had been salvaged. However, in this respect it is well to transcribe from the lengthy testimony of adjuster H. F. Besosa as follows:

"Farinacci and I met several times for the purpose of settling this matter and more or less we always went as far as to offer him four or five thousand dollars, but I do not think the offer was over

five thousand, but we always acted in good faith to settle the matter on the true value of the stock left there, leaving aside the cause of the fire, which in my opinion was not casual, but intentional. I am not accusing anybody, yet indisputably the fire was intentional, but leaving that aside I wanted to settle with Farinacci and offered him as much as four or five thousand dollars, which offer he did not show himself disposed to reject, rather it seems to me that he was willing to accept, but there was the obstacle that certain creditors of Farinacci had either the policies attached or certain claims against Farinacci, and they, especially Vidal, with whom I had several interviews, were opposed to Farinacci's accepting the four or five thousand dollars.''

It appears from the record that the amount of the indebtedness was less than four thousand dollars.

It is unnecessary to discuss the remaining assignments of error because they are repetitions of those which we have disposed of.

The judgment appealed from will be affirmed.

Mr. Justice Texidor took no part in the decision of this case.